JOHNSON, Circuit Judge,
dissenting.
Because the majority’s opinion denying rehearing in no way resolves the majority’s central error, I continue to disagree with the majority and respectfully dissent from the denial of rehearing.
In this writer’s view, the central tenet of Maltina Corp. v. Cawy Bottling Co., Inc., 613 F.2d 582 (5th Cir.1980), is that if the trademark laws are to effectively protect economic property rights, violation of those laws must be rendered unprofitable. In this case, as noted in the original dissent, 951 F.2d at 699, there were two avenues by which Hard Rock’s willful, knowing, and deliberate infringement could be rendered unprofitable: Texas Pig Stands might have been awarded Hard Rock’s profits, or Texas Pig Stands might have been awarded its attorneys’ fees. While the majority has now reinforced its blockading of one of these avenues (awarding Hard Rock’s profits to Texas Pig Stands), the majority has not said anything further about the district court’s award of attorneys’ fees to Texas Pig Stands, or why that award should be reversed. The entire burden of Hard Rock’s willful, knowing, and deliberate infringement continues to be borne solely by Texas Pig Stands, the innocent victim. The majority’s resolution of this case thus remains irreconcilable with the teaching of Maltina, and I must continue to dissent.